IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON EMORY MCKEMIE, | § | CASE NO. 26-30161-mvl7 |
| | § | (Chapter 7) |
| DEBTOR | § | |
| _____ | § | |
| INTOUCH CREDIT UNION | § | |
|   PLAINTIFF, | § | |
| | § | ADVERSARY NO. _____ |
| V. | § | |
| | § | |
| JASON EMORY MCKEMIE., | § | |
|   DEFENDANT | § | |

## COMPLAINT

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

InTouch Credit Union ("***InTouch***"), interested party and secured creditor of Debtor, Jason Emroy McKemie ("***Debtor***") files this Complaint against the Debtor, and for causes of action would respectfully show the Court as follows.

## Parties

1.     InTouch is a secured creditor of the Debtor in the above-referenced bankruptcy case.

2.     Jason McKemie is an individual resident of Texas who can be served with process at 539 W. Commerce St. #2010, Dallas, TX  75208.

## Jurisdiction and Venue

3.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157.  This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409 because the Debtor's chapter 7 bankruptcy case is pending in this district and the causes of action asserted herein arise in and are related to that case.

**Statement of Relevant Facts**

1.      On January 12, 2026, the Debtor filed a petition pro se for relief under Chapter 7 of the Bankruptcy Code.

2.      The Debtor's case was dismissed on February 5, 2026 but was subsequently reinstated on February 18, 2026.

3.      Areya Holder was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate and continues to serve in that capacity.

4.      The Debtor filed his Schedules on February 17, 2026, listing InTouch as a secured creditor due to its interest in a 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724 ("*Collateral*") pursuant to an executed vehicle loan agreement. The Debtor did not include InTouch on his Creditor Matrix and therefore InTouch did not get service or notice of the Debtor's bankruptcy filing until March 27, 2026. The Debtor's bankruptcy filings provide no statement of intention related to the Collateral nor do they include any claim of exemption for the Collateral.

5.      On April 13, 2026, InTouch filed a *Motion for Relief from the Automatic Stay* (ECF 46) (the "*Motion for Relief*") requesting for the automatic stay to be lifted as it pertains to the Collateral due to the Debtor's non-payment pursuant to the vehicle loan agreement the Debtor executed with InTouch.  A hearing on the Motion for Relief is set for May 5, 2026.

6.      On April 15, 2026, InTouch filed a *Motion to Extend Time to Object to Discharge* (the "*Motion to Extend*" ECF 48) requesting to extend the deadline to object to the Debtor's Discharge to June 19, 2026 so as to allow for the Court to rule on the Motion for Relief, for InTouch

and the Debtor to negotiate a reaffirmation agreement, or otherwise allow for InTouch to stipulate to an arrangement with the Debtor to resolve InTouch's Motion for Relief.

7.     As of the Date of this filing, the Court has not ruled on the Motion to Extend, therefore InTouch files this Complaint out of an abundance of caution as to not waive any rights to object to the Debtor's discharge pursuant to Federal Rule of Bankruptcy Procedure 4004(a).

8.     InTouch reserves the right to amend or supplement this Complaint following the Court's decision on the Motion for Relief and Motion to Extend.

### Count I – Denial of Discharge, 11 U.S.C. § 727(a)(3)(A)

5.     InTouch hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

6.     The Debtor knowingly and fraudulently made a false oath in and in connection with his bankruptcy case, including but not necessarily limited to his failure to include InTouch as a creditor to receive notice in his Creditor Matrix. Therefore, the Debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

### Count II – Denial of Discharge, 11 U.S.C. § 727(a)(10)

7.     InTouch hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

8.     The Debtor has failed to complete an instructional course concerning personal financial management. On April 6, 2026, the court issued a Notice of Deficiency related to the financial management course (ECF 41).  Therefore, the Debtor's discharge should be denied under 11 U.S.C. § 727(a)(10).

**Conclusion**

WHEREFORE, PREMISES CONSIDERED, the InTouch requests that the Court enter judgment against the Debtor (a) denying the Debtor's discharge and (b) granting the InTouch such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
(214) 880-1814 (Telephone)
lmartinez@qslwm.com  (Email)

By: */s/ Loriann A. Martinez*
      Loriann A. Martinez
      Texas Bar No. 24126929

ATTORNEYS FOR INTOUCH CREDIT UNION