FILED
OCT 01 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

**INTOUCH CREDIT UNION, Plaintiff,**
**v.**
**JASON EMORY McKEMIE, Defendant.**

**Adversary No. 26-03034-mvl**
**Docket call: October 6, 2026, 1:15 p.m.**
**Trial week: October 13, 2026**

# DEFENDANT'S MOTION FOR LEAVE TO FILE AND EXCHANGE WITNESS AND EXHIBIT MATERIALS OUT OF TIME; TO EXTEND THE PRETRIAL FILING DEADLINE THROUGH SEPTEMBER 30, 2026; TO ACCEPT DEFENDANT'S PRETRIAL SUBMISSIONS; AND SUPPORTING BRIEF

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

Jason Emory McKemie requests limited procedural relief so the two pleaded discharge objections may be adjudicated on their merits. He served the enclosed pretrial materials electronically on September 29, 2026 and is placing the original paper filings in overnight delivery the same day. Because he lacks CM/ECF filing privileges, he asks the Court to accept receipt on September 30, 2026 as timely under the limited extension requested below.

## I. PRECISE RELIEF REQUESTED

1. Accept Defendant's witness and exhibit list, declaration, and Exhibits A-E notwithstanding the earlier witness/exhibit deadline stated in Adv. ECF 4.
2. Extend through September 30, 2026 the deadline for Defendant's proposed pretrial order, proposed findings and conclusions, pretrial brief, request for limited judicial notice, evidentiary appendix, and related pretrial materials, and deem those materials timely when received by the Clerk.
3. Accept Defendant's proposed pretrial order as his contribution toward the required joint pretrial order without attributing any agreement or stipulation to Plaintiff.
4. Permit Defendant to rely on his own testimony, the court-filed documents identified by exact docket reference, and the attached surrender records, subject to ordinary foundation, objection, and admission rulings.
5. Assess no fee, cost, or sanction against Defendant for the timing addressed by this Motion.

## II. GROUNDS

6. Adv. ECF 4 required witness and exhibit lists fourteen days before docket call and required the pretrial order, proposed findings, and trial briefs seven days before docket call. Docket call is October 6, 2026, and trial week begins October 13, 2026.
7. Defendant is self-represented, homeless, in Chapter 7, without a vehicle, experiencing serious medical and medication-access limitations, and located in Brazos County. He lacks ordinary CM/ECF filing privileges and is locked out of PACER. He mistakenly believed surrender of the Jaguar would end the InTouch matter and did not understand until September 28 that the discharge adversary and its pretrial obligations remained active.
8. Defendant acted immediately after recognizing the deadline. The core defense documents are not new: his May 5 response, course certificate, and Schedule D were filed at Adv. ECF 7. The attached vehicle records concern the September 4 tender and September 9 completed surrender and answer any assertion of continued withholding.

9. The delay is limited, was not tactical, and can be cured without moving the October 6 docket call or October 13 trial week. Plaintiff has had the principal defense documents since May and receives the complete pretrial packet by email on September 29.

### III. LEGAL STANDARD

10. Fed. R. Bankr. P. 9006(b)(1)(B) permits enlargement after a deadline where the failure to act resulted from excusable neglect. The equitable inquiry includes prejudice, length and effect of delay, reason for delay, reasonable control, and good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).

11. To the extent modification of the scheduling order is required, good cause exists under Fed. R. Civ. P. 16(b)(4), incorporated by Fed. R. Bankr. P. 7016. To the extent Fed. R. Civ. P. 37(c)(1) applies through Rule 7037, the limited late identification is harmless or substantially justified because the documents are already on the docket or concern the recently completed surrender.

12. Defendant served the materials electronically on the due date and seeks only a one-day extension for receipt of the paper originals necessitated by his lack of CM/ECF access. Excluding the defense would impose forfeiture far out of proportion to the limited delay.

### IV. CONFERENCE

13. Defendant's submission is not represented as agreed. Because the deadline was imminent and Defendant lacks electronic filing access, a completed prefiling conference concerning this emergency procedural cure was not practicable. The Motion should be treated as opposed unless Plaintiff affirmatively states otherwise.

### V. PRAYER

Defendant requests a signed order granting the relief stated above, leaving the existing docket-call and trial settings unchanged, and allowing the pleaded claims and defenses to be decided on their merits without fees, costs, or sanctions against Defendant.

Respectfully submitted,

**/s/ Jason Emory McKemie**
Jason Emory McKemie
Defendant, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

### CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of Defendant's Motion for Leave and Supporting Brief, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**
Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net