FILED

OCT 01 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

**INTOUCH CREDIT UNION, Plaintiff,**
**v.**
**JASON EMORY McKEMIE, Defendant.**

**Adversary No. 26-03034-mvl**
**Docket call: October 6, 2026, 1:15 p.m.**
**Trial week: October 13, 2026**

# DEFENDANT'S PROPOSED PRETRIAL ORDER

***(DEFENDANT'S SUBMISSION FOR THE REQUIRED JOINT PRETRIAL ORDER)***

Submitted September 29, 2026. This is Defendant's proposal only. It is not represented as a jointly approved order or as Plaintiff's assent to any fact, defense, or disposition.

## 1. NATURE OF THE PROCEEDING AND AUTHORITY

This adversary concerns InTouch Credit Union's April 20, 2026 Complaint objecting to Jason Emory McKemie's Chapter 7 discharge. The Complaint invokes 11 U.S.C. § 727. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157; an objection to discharge is a core proceeding under § 157(b)(2)(J). This submission does not enlarge the claims, waive objections to amendment, or consent to trial of an unpleaded issue.

## 2. PLAINTIFF'S CLAIMS, AS PLEADED

Count I's heading cites § 727(a)(3)(A), while its operative paragraph alleges a knowingly and fraudulently false oath under § 727(a)(4)(A), based on an alleged omission of InTouch from the creditor matrix. The Complaint acknowledges that Defendant listed InTouch as a secured creditor in his schedules. Count II alleges failure to complete personal-financial-management education and cites § 727(a)(10). Adv. ECF 1, physical PDF pp. 2-4. This summary does not admit the allegations.

## 3. DEFENDANT'S DEFENSES AND REQUESTED DISPOSITION

Defendant denies a knowing and fraudulent false oath. InTouch was disclosed on Schedule D as the secured creditor for the Jaguar. Defendant does not equate Schedule D with the separate creditor matrix and does not stipulate that the matrix was complete or incomplete. Plaintiff must prove every element, including falsity, knowledge, fraudulent intent, and materiality.

Defendant completed the required personal-financial-management course on February 13, 2026. The certificate appears at BK ECF 27, physical PDF p. 2; BK ECF 67, physical PDF p. 1; and Adv. ECF 7, physical PDF p. 3. Section 727(a)(10) concerns a court-approved written waiver of discharge; the course provision is § 727(a)(11).

Defendant requests judgment in his favor on the pleaded objections, a take-nothing judgment for Plaintiff, dismissal with prejudice following a merits determination, and denial of any fees, costs, or sanctions against him. No reaffirmation, deficiency admission, release, or waiver is made by this submission or by surrender of the vehicle.

## 4. PROPOSED STIPULATIONS - NOT YET AGREED

- Plaintiff filed its Complaint on April 20, 2026; Defendant filed his response on May 5, 2026. Adv. ECF 1 and 7.
- Plaintiff's Complaint acknowledges that Defendant's February 17 schedules listed InTouch as a secured creditor for the 2018 Jaguar F-Pace.
- The course certificate identifies Defendant, a completion date of February 13, 2026, InCharge Debt Solutions, and Certificate No. 00301-TXN-DE-040616293.
- The document at Adv. ECF 7, physical PDF p. 4, is Schedule D identifying InTouch and the Jaguar.
- On September 9, 2026, InTouch's designated recovery agent, AG3 Recovery LLC, took possession of the Jaguar after Defendant supplied the requested location, access window, and key fob and assisted with loading. Defendant preserves his position that he timely tendered the vehicle on September 4 and concedes no sanction, fee, towing cost, deficiency, contempt finding, or other liability.

## 5. CONTESTED FACTUAL ISSUES

- The content and history of the creditor matrix; the specific sworn statement alleged to be false; and whether any omission was knowing, fraudulent, and material.
- Defendant's intent, including the significance of his affirmative Schedule D disclosure.
- Any genuine dispute concerning authenticity, completion, or filing of the course certificate.
- The effect of the September 4 tender and September 9 completed surrender. Monetary-sanction issues under Dkt. 103 belong to the main bankruptcy case.

## 6. CONTESTED LEGAL ISSUES

- Whether Plaintiff proves the elements of § 727(a)(4)(A) under Fed. R. Bankr. P. 4005 and controlling Fifth Circuit law.
- Whether the course-completion and filing record defeats Count II under the subsection pleaded or § 727(a)(11).
- Whether any new discharge theory is properly pleaded. Defendant does not consent under Fed. R. Civ. P. 15(b) to trial of an unpleaded claim.
- Admission of Defendant's identified exhibits and the requested limited judicial notice.

## 7. WITNESSES, EXHIBITS, AND TRIAL TIME

Defendant's Witness and Exhibit List and Evidentiary Appendix are incorporated as his designations. Defendant expects to testify and to cross-examine any witness called by Plaintiff. No retained expert is designated. Defendant estimates 30-45 minutes for his direct presentation and response, excluding Plaintiff's presentation and reasonable cross-examination. This estimate is not an agreed limit.

## 8. ADDITIONAL MATTERS

The parties should first identify any agreement regarding course completion, the filed certificate, Schedule D, and completed surrender. Defendant requests express rulings on each pleaded claim and each exhibit offered. Separate vehicle-compliance and monetary-sanction issues arise in Bankruptcy Case No. 26-30161-mvl7. This adversary submission does not waive Defendant's separate Rule 2004, stay, sanctions, fraud-on-the-court, healthcare, or criminal-referral matters.

**### END OF ORDER ###**

Respectfully submitted,

**/s/ Jason Emory McKemie**

Jason Emory McKemie
Defendant, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of Defendant's Proposed Pretrial Order, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**
Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net