FILED

OCT 01 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

**INTOUCH CREDIT UNION, Plaintiff,**
**v.**
**JASON EMORY McKEMIE, Defendant.**

**Adversary No. 26-03034-mvl**
**Docket call: October 6, 2026, 1:15 p.m.**
**Trial week: October 13, 2026**

# DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant submits the following requested findings under Adv. ECF 4 and N.D. Tex. L.B.R. 7016-1(b). They are proposed for entry after admissible evidence and are not represented as findings already made.

## I. PROPOSED FINDINGS OF FACT

1. InTouch filed the Complaint on April 20, 2026. Defendant filed his response on May 5, 2026. Adv. ECF 1 and 7.

2. The Complaint acknowledges that Defendant's February 17 schedules listed InTouch as a secured creditor by reference to the 2018 Jaguar F-Pace. Adv. ECF 1, p. 2, Relevant Facts ¶ 4. Schedule D attached to Adv. ECF 7 identifies InTouch and the vehicle.

3. The creditor matrix is distinct from Schedule D. The presence of InTouch on Schedule D does not alone establish what appeared on the matrix. Any omission, intent, and materiality must be proved.

4. Defendant completed a personal-financial-management course through InCharge Debt Solutions on February 13, 2026. The certificate identifies No. 00301-TXN-DE-040616293 and Defendant's bankruptcy case. BK ECF 27, p. 2; BK ECF 67, p. 1; Adv. ECF 7, p. 3.

5. The course certificate was in the main-case record before the Complaint and was attached to Defendant's May 5 response.

6. Defendant denies knowingly and fraudulently making a false oath concerning InTouch. Plaintiff has not proved knowledge and fraudulent intent by a preponderance of the evidence.

7. Defendant tendered the Jaguar on September 4, 2026. After InTouch offered recovery pickup, Defendant supplied the requested location, accessibility, fob arrangements, and pickup window. AG3 Recovery LLC took possession on September 9, 2026; Defendant delivered the fob and assisted loading.

8. Discount Tire documented a separated left-rear tire belt, suspected right-front tire separation, and advised that the vehicle should not be driven until the tires were replaced.

9. Surrender is not a stipulation to debt amount, reaffirmation, deficiency, contempt, sanctions, fees, or costs.

10. Count II alleges failure to complete a course; it does not allege a court-approved written waiver of discharge.

## II. PROPOSED CONCLUSIONS OF LAW

1. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. An objection to discharge is a core proceeding under § 157(b)(2)(J).

2. Plaintiff bears the burden under Fed. R. Bankr. P. 4005. Under § 727(a)(4)(A), Plaintiff must prove a statement under oath, falsity, knowledge, fraudulent intent, and materiality. Cadle Co. v. Pratt (In re Pratt), 411 F.3d 561, 566 (5th Cir. 2005).

3. Disclosure on Schedule D is probative of lack of intent to conceal, although it does not categorically satisfy creditor-matrix requirements. Beaubouef v. Beaubouef (In re Beaubouef), 966 F.2d 174, 178-79 (5th Cir. 1992).

4. Failure to prove any required § 727(a)(4)(A) element requires judgment for Defendant on Count I.

5. Section 727(a)(10) concerns an approved written waiver of discharge. Section 727(a)(11) concerns failure to complete an approved personal-financial-management course. The certificate and testimony defeat Count II's failure-to-complete premise.

6. A filing-deficiency notice is not a judicial finding that the course was never completed; completion, filing, and administrative docket recognition are distinct.

7. The judgment should resolve only pleaded discharge objections and should not determine unpleaded claims or unresolved main-case sanctions.

8. InTouch should take nothing; the pleaded objections should be denied on the merits and dismissed with prejudice; and no fees, costs, or sanctions should be awarded against Defendant.

Respectfully submitted,

**/s/ Jason Emory McKemie**
Jason Emory McKemie
Defendant, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of Defendant's Proposed Findings of Fact and Conclusions of Law, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**

Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net