FILED

OCT 01 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

**INTOUCH CREDIT UNION, Plaintiff,**
**v.**
**JASON EMORY McKEMIE, Defendant.**

**Adversary No. 26-03034-mvl**
**Docket call: October 6, 2026, 1:15 p.m.**
**Trial week: October 13, 2026**

# DEFENDANT'S PRETRIAL BRIEF ON THE PLEADED OBJECTIONS TO DISCHARGE

This brief states Defendant's trial position. It is not a new summary-judgment motion. The accompanying proposed findings, witness/exhibit list, motion for leave, judicial-notice request, and appendix identify the proof and relief requested.

## I. THE PLEADED THEORIES MUST BE TESTED SEPARATELY

Count I alleges a false oath based on an alleged creditor-matrix omission. Count II alleges failure to complete personal-financial-management education. The Complaint acknowledges that InTouch was listed in Defendant's schedules. Adv. ECF 1, pp. 2-4. Defendant's May 5 response disputes the allegations and attaches Schedule D and the course certificate. Adv. ECF 7, pp. 1-4.

Return of collateral does not automatically resolve an objection to discharge. The completed surrender establishes the present collateral posture and answers any assertion of continued withholding; Plaintiff must still prove the elements of the two pleaded claims.

## II. COUNT I REQUIRES A KNOWING AND FRAUDULENT FALSE OATH

Section 727(a)(4)(A) requires proof of a statement under oath, falsity, knowledge of falsity, fraudulent intent, and materiality. Fed. R. Bankr. P. 4005; Pratt, 411 F.3d at 566. InTouch's own pleading acknowledges its identification on Schedule D but alleges omission from the matrix. Defendant does not equate the documents or concede an omission. Plaintiff must identify the allegedly false sworn statement and prove the surrounding knowledge, intent, and materiality.

The affirmative Schedule D disclosure is evidence against an inference that Defendant sought to hide InTouch or the secured transaction. Fraudulent intent may be inferred from proven circumstances, but it cannot be presumed from the alleged omission alone. Beaubouef, 966 F.2d at 178-79.

Count I's heading cites § 727(a)(3)(A), while its operative paragraph invokes § 727(a)(4)(A). Defendant addresses the pleaded false-oath theory and does not consent to trial of a different records-preservation claim.

## III. COUNT II IS CONTRADICTED BY THE COURSE RECORD

The certificate states Defendant completed an approved course through InCharge Debt Solutions on February 13, 2026 at 10:05 a.m. Eastern Time and identifies Certificate No. 00301-TXN-DE-040616293. It appears at BK ECF 27, p. 2; BK ECF 67, p. 1; and Adv. ECF 7, p. 3. The completion preceded the April 20 Complaint.

Count II cites § 727(a)(10), which concerns an approved written waiver of discharge. The course provision is § 727(a)(11). Even if Count II is analyzed under § 727(a)(11), the certificate and testimony defeat the failure-to-complete premise if credited. Any remaining administrative docket issue should be addressed under Rule 1007, not converted into a merits finding that the course never occurred.

## IV. SURRENDER AND MAIN-CASE MONETARY ISSUES

Defendant tendered the Jaguar on September 4. Discount Tire documented that it should not be driven. After InTouch offered licensed recovery pickup, Defendant supplied access and fob arrangements. AG3 Recovery took possession on September 9. Defendant concedes no debt balance, contempt, fine, fee, cost, deficiency, or recovery charge.

Dkt. 103 is a main-case order. Defendant separately requests relief from its monetary consequences in Bankruptcy Case No. 26-30161-mvl7. The collateral dispute cannot substitute for proof of the pleaded § 727 elements.

## V. EVIDENTIARY PROCEDURE

Defendant requests limited judicial notice of the existence, dates, and filed contents of identified court records, not the truth of disputed allegations merely because they were filed. He separately offers testimony and attached source records on proper foundation. The core defense documents have been identified since May 5, and the completed-surrender records are recent.

## VI. REQUESTED DISPOSITION

Defendant requests judgment in his favor, that InTouch take nothing, dismissal with prejudice of the pleaded discharge objections after merits determination, and denial of fees, costs, and sanctions against Defendant. Defendant offers no reaffirmation, release, payment, or waiver in exchange for withdrawal. Any voluntary dismissal remains governed by Fed. R. Bankr. P. 7041.

Respectfully submitted,

**/s/ Jason Emory McKemie**
Jason Emory McKemie
Defendant, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of Defendant's Pretrial Brief, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**
Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net