FILED

OCT 01 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

**INTOUCH CREDIT UNION, Plaintiff,**
**v.**
**JASON EMORY McKEMIE, Defendant.**

**Adversary No. 26-03034-mvl**
**Docket call: October 6, 2026, 1:15 p.m.**
**Trial week: October 13, 2026**

---

# EVIDENTIARY APPENDIX TO DEFENDANT'S PRETRIAL SUBMISSIONS AND MOTION FOR LEAVE

This Appendix contains Defendant's declaration and Exhibits A-E. Protected pickup-address text is redacted from the public filing copy. Originals remain preserved.

## DECLARATION OF JASON EMORY MCKEMIE

1. I am the Defendant in Adversary Proceeding No. 26-03034-mvl and the debtor in Bankruptcy Case No. 26-30161-mvl7. I am over eighteen and make this declaration from personal knowledge. I am presently in Brazos County, Texas.

2. I completed the personal-financial-management course through InCharge Debt Solutions on February 13, 2026. My May 5 response included the certificate. I did not fail to take the course.

3. I listed InTouch Credit Union as a secured creditor on Schedule D in connection with the Jaguar. I did not knowingly and fraudulently make a false oath to conceal InTouch. I do not claim that Schedule D and the creditor matrix are the same document.

4. I tendered the Jaguar for surrender on September 4, 2026. Discount Tire documented a separated left-rear tire belt, suspected right-front separation, and advised that the vehicle should not be driven until the tires were replaced. When InTouch offered its recovery agent, I immediately provided the requested location, access, fob arrangements, and pickup window.

5. On September 9, 2026, AG3 Recovery LLC arrived. I delivered the fob, personally assisted loading, and the agent took possession. I preserve my position that the September 4 tender satisfied the surrender obligation and that no fine, fee, cost, towing charge, contempt sanction, or other monetary liability is owed.

6. I am self-represented, homeless, in Chapter 7, without my vehicle, and experiencing serious medical and medication-access limitations. I lack CM/ECF filing privileges and am locked out of PACER.

7. I mistakenly believed completed surrender would resolve the InTouch matter. On September 28, after reviewing the calendar, I understood that the adversary and pretrial obligations remained active. I began preparing immediately and served the completed packet electronically on September 29. The timing was not tactical.

8. My mailing address remains the address in my signature block. I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed in Brazos County, Texas, on September 29, 2026.

*/s/ Jason Emory McKemie*

Jason Emory McKemie
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958 | jmckemie@mckemie.net

# EXHIBIT A - ADV. ECF 7 COURT-RECORD EXTRACT

Original source: Adversary ECF 7, filed May 5, 2026. Defendant requests judicial notice of the original docketed document. The controlling attached records are:

- Certificate of Debtor Education: Jason Emory McKemie; InCharge Debt Solutions; completion date February 13, 2026; Certificate No. 00301-TXN-DE-040616293; Bankruptcy Case No. 26-30161-mvl7. Adv. ECF 7, physical PDF p. 3.
- Schedule D: InTouch Credit Union identified as secured creditor; collateral identified as 2018 Jaguar F-Pace. Adv. ECF 7, physical PDF p. 4.

This extract does not replace the original court-filed record and is not represented as a photocopy.

The Court is asked to examine Adv. ECF 7 directly.

# EXHIBIT B - DISCOUNT TIRE INSPECTION

DISCOUNT TIRE

DAVID SHIRLEY
ASSISTANT MANAGER

Phone: 979 329 6995

DISCOUNTTIRE.COM

09/04/2026
01:01 PM

TREADWELL: N
JASON MCKEMIE
M: 214 - 868 - 4901

2018 JAGUAR
F - PACE 30T
O.E. (F): 255/55 R19 XL
O.E. (R): 255/55 R19 XL
CONDITION:
COLOR: WHITE
PLATE: MHS5658

MILEAGE: 85865
CARRY - OUT: N
WHEEL LOCK: Y
LOCATION: 1

TXH 81
[illegible] TOWNE CENTRE
WAY
BRYAN, TX 77802 -2591
979 - 329 - 6995

SALES ORDER #: 6008089638
ORDER TYPE:
STOREORDER

DAVID S
ESTIMATED COMPLETION TIME: 03:46 PM

| ARTICLE | AXLE | DESCRIPTION | PRICE | QTY | AMOUNT |
| --- | --- | --- | --- | --- | --- |
| 80025 | | LABOR<br>LABOR | $0.00 | 1 | $0.00 |

COMMENTS: LR TIRE IS SEPARATED AND RF IS SUSPECTED SEPO. DO NOT RECOMMEND DRIVING VEHICLE UNTIL TIRES ARE REPLACED.

| | |
| --- | --- |
| SUBTOTAL: | $0.00 |
| SALES TAXES: | $0.00 |
| Total: | $0.00 |
| PAYMENT STATUS: | Paid |

********** SPECIAL INSTRUCTIONS **********

[illegible] Max Tire Width: [illegible] Max Tire Height: [illegible]

********** TPMS INSTRUCTIONS **********

Reset TPMS after NONE - AUTORELEARN
[illegible] all tires are inflated to correct cold inflation pressure
[illegible] When installing new sensors, vehicle must be driven for at least 10 minutes while maintaining [illegible] or more to complete relearn process

| | | | |
| --- | --- | --- | --- |
| DOT: NA | LF 3 | RF 2 | DOT: NA |
| DOT: NA | LR 3 | RR 3 | DOT: NA |
| | SP | | |

BOLT PATTERN: 5 - 108.00 INFLATION: F 40 R 40
LUG NUT SIZE: 14.0X1.5 TORQUE LBS: 105.0

SALES ORDER #: 6008089638

DOCUMENT SCAN 09-04-2026

7 of 26




DOCUMENT
PHOTOGRAPH
09-04-2026

# EXHIBIT C - SEPTEMBER 8 RECOVERY COORDINATION

From: Jason McKemie jmckemie@mckemie.net
Subject: Re: [EXTERNAL] - Re: In re McKemie, No. 26-30161-mvl7 — Vehicle surrender (Dkt. 103): vehicle tendered today; your election required — pickup at no cost to me, or I drive it next week; request to ECF-file attached notice
Date: Sep 8, 2026 at 4:20:40 PM
To: Loriann Martinez lmartinez@qslwm.com
Cc: Amanda Loughmiller aloughmiller@qslwm.com, Samin Agha sagha@qslwm.com, Melissa Resa melissa.resa@qslwm.com

Ms. Martinez,

I accept InTouch's offer to coordinate a licensed towing/recovery agent to take possession of the 2018 Jaguar F-Pace, and I am surrendering the vehicle. In response to the four items in your email:

(a) Exact current location of the vehicle: , . I will have it parked in front and accessible.

(b) Accessibility: The vehicle is immediately accessible for pickup by a licensed towing/recovery agent. It is not roadworthy — the left rear tire's belt is separated and Discount Tire has advised in writing that it should not be driven — so it will need to be towed, not driven. A flatbed or wheel-lift is appropriate.

(c) Keys and fob: I have the fob and will have it ready to hand to the recovery agent at pickup.

(d) Time window for access: I am available this afternoon after approximately 6:30 p.m. today, September 8, and tomorrow, September 9, any time between 10:00 a.m. and 5:00 p.m. The vehicle will be parked in front, accessible and ready, with the fob available, so the agent may come whenever is convenient within that window. Please send me the name and direct phone number of the towing/recovery company or agent so I can coordinate directly and confirm the vehicle is ready when they arrive. He can also call me at my Google Voice number below to coordinate with me.

I am providing this information to effect prompt surrender. I do not waive, and I expressly reserve, my position that the vehicle was timely tendered on September 4, 2026 and that per-diem sanctions should not accrue given the documented impossibility of delivering a roadworthy vehicle and my status as an indigent Chapter 7 debtor; I am presenting that question to the Court. Nothing in this email is a concession that any sanction is proper.

Please confirm the agent and the pickup window by reply.

Jason Emory McKemie
(214) 519-8958
jmckemie@mckemie.net

> On Sep 8, 2026, at 9:43 AM, Loriann Martinez <lmartinez@qslwm.com> wrote:
>
> Jason,
>
> I am acknowledging InTouch's receipt of your September 4, 2026 email and the "Emergency Notice of Compliance Efforts, Conditional Surrender, Request to Abate Per-Diem Sanctions, and Corrections to the Record," including exhibits.
>
> On September 1, 2026, the Bankruptcy Court entered its Order in Aid of Prior Order (granting the Motion to Enforce), which requires you to surrender the 2018 Jaguar F-Pace to one of four specified InTouch branch locations on or before September 4, 2026, and provides that,

absent timely surrender or an alternative agreement with InTouch by that date, a civil contempt sanction of $100 per day will accrue beginning September 5, 2026, together with legal costs and attorneys' fees associated with enforcement. **You did not surrender the vehicle by September 4, 2026. Under the Court's order, sanctions will continue to accrue unless and until the collateral is surrendered or the Court orders otherwise.**

InTouch does not accept your attempt to impose new conditions or deadlines not contained in the Order, including a unilateral noon September 8 election between free pickup in Bryan or your proposed alternative route. The Court's order places the obligation to surrender on you and does not require InTouch to retrieve the vehicle at its expense. **To the extent you request that InTouch file your motion or notice via CM/ECF on your behalf, we decline. Any request to abate, modify, or excuse sanctions must be presented to and granted by the Court; InTouch does not agree to abatement.**

Safety is paramount. If you contend the vehicle is not roadworthy, you should not drive it in an unsafe condition. That does not relieve you of your obligation to comply with the surrender order. You must arrange safe transport at your expense to one of the designated surrender locations or promptly propose a lawful, unconditional plan that results in InTouch obtaining immediate possession.

Without waiving any rights, remedies, or the accrual of court-ordered sanctions, InTouch is willing to consider coordinating a licensed towing/recovery agent to take possession promptly. To evaluate coordination, please provide by reply email today: (a) the exact current address where the vehicle is located, (b) confirmation that the vehicle is immediately accessible for pickup by a licensed towing/recovery agent, (c) where and how the keys/fobs will be delivered upon pickup, and (d) a specific time window for access. Any

coordination by InTouch will be without prejudice and with all costs, attorneys' fees, and sanctions reserved and chargeable as permitted by the Court's order and applicable law.

The Order also requires the collateral to remain insured with InTouch listed as lienholder until surrender, and provides for an additional $100 per day fine for any lapse in coverage or removal of InTouch as lienholder prior to surrender, together with legal costs and attorneys' fees. Please ensure continuous compliance.

InTouch reserves all rights, including to seek recovery costs, attorneys' fees, and sanctions as provided in the Order and by law. Nothing herein waives any right or modifies any court-ordered relief.

Thank you.

Loriann Martinez | Attorney at Law

**<image001.png>** 214-880-1814 | **<image002.png>** lmartinez@qslwm.com | **<image003.png>** www.qslwm.com

**From:** jmckemie@mckemie.net <jmckemie@mckemie.net>
**Sent:** Friday, September 4, 2026 5:27 PM
**To:** Loriann Martinez <lmartinez@qslwm.com>
**Cc:** Amanda Loughmiller <aloughmiller@qslwm.com>; Samin Agha <sagha@qslwm.com>; Melissa Resa <melissa.resa@qslwm.com>; areya@holderlawpc.com
**Subject:** [EXTERNAL] - Re: In re McKemie, No. 26-30161-mvl7 — Vehicle surrender (Dkt. 103): vehicle tendered today; your election required — pickup at no cost to me, or I drive it next week; request to ECF-file attached notice

**EXHIBIT D - SEPTEMBER 4 TENDER CORRESPONDENCE**

**Importance:** High

Subject: RE: In re McKemie, No. 26-30161-mvl7 — CORRECTED attachment (same tender; same request)

Ms. Martinez,

Please disregard the attachment to my prior email and use the attached corrected version for filing. I spent today trying a number of shops to get the vehicle to a roadworthy condition so I could deliver it. None would do the work. I ultimately went back to Discount Tire and had them document their findings in writing, which are Exhibit 1. In rushing to get the filing to you, I attached a prior version in which the Exhibit 4 file was a duplicate of the tire-guidance photographs instead of the route map; the correct Google Maps route is attached now, and one paragraph concerning the state-court proceeding, which is not relevant to the surrender, was removed.

Nothing else has changed. The tender of the vehicle, made in my prior email today, September 4, stands. The two paths stand: InTouch may pick the vehicle up in Bryan at no cost to me, or, absent your written election of pickup by 12:00 p.m. Monday, September 8, I will rotate the tires, mount the spare, and drive it to InTouch by an off-highway route for delivery Tuesday, September 9, by close of business. My request that you ECF-file the attached notice on my behalf, and that you confirm by reply whether you will, also stands.

Jason Emory McKemie

(214) 519-8958

On Sep 4, 2026, at 5:01 PM, jmckemie@mckemie.net wrote:

Ms. Martinez,

I am writing before close of business on the September 4 deadline in the Order at Docket No. 103. The vehicle is tendered. I need InTouch to make one election, described below, and I need your answer on one filing request.

The vehicle is not roadworthy. On the evening of September 2 I noticed a worsening vibration and immediately scheduled a Discount Tire appointment for the morning of September 3 in Bryan to rotate and balance the tires so I could make the drive. On September 3, Discount Tire declined to do the work because of the tread depth — they said they would be liable if they put the tires back on. On September 4, they inspected again and documented that the left rear tire's belt is separated, the front right is close to separating, the vehicle is not roadworthy, and all four tires would need replacement. They scanned every tire and logged the tread depths in their system tied to my VIN; their policy prohibits affidavits, but the assistant manager stated the store can be called to verify the findings. Their written analysis, my appointment confirmation, and their posted safety guidance are Exhibits 1–3 to the attached notice. I am a Chapter 7 debtor. I cannot afford four tires and I cannot afford transport. Those are

the facts, and they leave exactly two ways this vehicle gets to InTouch.

**InTouch's election — please answer by reply:**

**(1) Pick it up in Bryan at no cost to me.** I will confirm the exact location, have it accessible and ready, deliver all keys and fobs, and cooperate with reasonable verification. Send me the phone number of the company or person

coming and I will coordinate with them directly so it is ready the moment they arrive.

**(2) Tell me to prepare it and drive it.** If InTouch does not elect pickup, I will rotate the tires myself, mount the spare, and drive the vehicle to a designated location early next week by the controlled, off-highway, reduced-speed route

mapped at Exhibit 4. I am fully willing to do this and I will do it. I understand it is unsafe — Discount Tire has said so in writing — and I will make the drive anyway rather than fail to surrender.

The choice is InTouch's. **If I have not received your written election of pickup by 12:00 p.m. Monday, September 8, I will prepare the vehicle and make the drive.** Insurance with InTouch as lienholder remains in force per the Order and stays in force until surrender is complete.

**Attached filing — request to ECF-file today.** Attached is Debtor's Emergency Notice of Compliance Efforts, Conditional Surrender, Request to Abate Per-Diem Sanctions, and Corrections to the Record, with exhibits, signed and dated today. I am pro se and

cannot file electronically with the bankruptcy court; there is no same-day filing pathway available to me. As a good-faith gesture, I ask that you file the attached notice via ECF on my behalf today. **Please reply and confirm whether you will or will not file it**, so I know today whether I need to pursue another method.

As I told the Court on August 26, I hoped my September 3 state-court hearing would restore my access to resources and let us resolve this by today. That hearing went forward (moved to Zoom) and a ruling is expected within days, but as of today I have no funds to pay or settle. I have never refused to surrender this vehicle. **This email — sent on the deadline date, with the vehicle tendered, insured, and offered by two concrete paths — is the record of that, and I ask that InTouch agree no per-diem sanction runs while its election is pending.**

**Please respond today with:**

(1) InTouch's election — pickup at no cost to me (with the transporter's number for coordination of pickup); and
(2) whether you will ECF-file the attached notice.

Absent InTouch's written election of pickup by 12:00 p.m. Monday, September 8, 2026, I will personally rotate the tires, moving the safest tires to the front of the vehicle, replace the left rear tire with the separated belt with the spare, and drive the vehicle on an off-highway route to InTouch for delivery on Tuesday, September 9, 2026, by close of business.

<DF26-30161_Emergency_Notice_FILING_PACKET_with_Exhibits_
2026-09-04_1.pdf>

Thank you,

<signature_small copy.png>

**Jason Emory McKemie**
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
214-868-4901 | jmckemie@mckemie.net

<Dkt 103 - Order in Aid of Prior Order (Granting Motion to Enforce).pdf>

## EXHIBIT E - COMPLETED SURRENDER NOTICE AND EVIDENCE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 26-30161-mvl7** |
| JASON EMORY McKEMIE, | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

**DEBTOR'S NOTICE OF COMPLETED SURRENDER OF COLLATERAL**
**(2018 Jaguar F-PACE, VIN SADCJ2GX3JA289724)**

Debtor Jason Emory McKemie files this Notice to inform the Court and parties in interest that surrender of the collateral described below is complete, and respectfully states:

1. On or about September 8, 2026, counsel for InTouch Credit Union advised the Debtor that InTouch would dispatch its own licensed recovery agent to retrieve the 2018 Jaguar F-PACE, VIN SADCJ2GX3JA289724 (the "Vehicle"), the collateral addressed in this Court's Order [Dkt. 103].

2. On September 9, 2026, InTouch's licensed recovery agent, AG3 Recovery LLC (Aaron Gifford), took physical possession of the Vehicle. The Debtor coordinated the pickup with the agent, delivered the key fob to the agent, and assisted the agent in loading the Vehicle. The Vehicle is now in the possession of InTouch's agent. Surrender under 11 U.S.C. § 521(a)(2) and this Court's Order [Dkt. 103] is complete as of September 9, 2026.

3. A photograph of the Vehicle being loaded onto the recovery agent's transport on September 9, 2026 is attached as Exhibit 1. The business card of the recovery agent who took possession, AG3 Recovery LLC (Aaron Gifford), is attached as Exhibit 2.

4. The Debtor gives this Notice to establish the completed surrender for the record. The Debtor does not, by cooperating in the surrender, waive any right, defense, or claim, and expressly reserves all of them, including any right to written confirmation of the surrender and the Vehicle's condition at pickup.

Respectfully submitted,

/s/ Jason Emory McKemie
Jason Emory McKemie, Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

Dated: September 9, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, a true and correct copy of the foregoing Notice was served by electronic mail and/or U.S. Mail on counsel for InTouch Credit Union (Loriann Martinez), the Chapter 7 Trustee, and the Office of the United States Trustee.

/s/ Jason Emory McKemie
Jason Emory McKemie

## EXHIBIT 1

*Photograph — Vehicle loaded on recovery agent's transport, September 9, 2026*



# EXHIBIT 2

*Business card — AG3 Recovery LLC (Aaron Gifford), recovery agent who took possession*






# CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of the Evidentiary Appendix and Exhibits A-E, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**

Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net