**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**INTOUCH CREDIT UNION, Plaintiff,**
**v.**
**JASON EMORY McKEMIE, Defendant.**

FILED
NOV 10 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**Case No. 26-30161-mvl7**
**Chapter 7**

**Adversary No. 26-03034-mvl**
**Docket call: October 6, 2026, 1:15 p.m.**
**Trial week: October 13, 2026**

# DEFENDANT'S MOTION FOR LEAVE TO FILE AND EXCHANGE WITNESS AND EXHIBIT MATERIALS OUT OF TIME; TO EXTEND THE PRETRIAL FILING DEADLINE THROUGH SEPTEMBER 30, 2026; TO ACCEPT DEFENDANT'S PRETRIAL SUBMISSIONS; AND SUPPORTING BRIEF

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

Defendant Jason Emory McKemie requests limited leave to submit his pretrial materials late so that the two objections to discharge actually pleaded by InTouch Credit Union may be decided on their merits. The delay was not strategic or an abandonment of his defense.

Defendant has previously alleged that Gwendolyn Laura Ulijasz, his spouse and the petitioner in divorce proceeding No. DF-24-18010, has engaged in coordinated financial, healthcare, housing, credit, and property interference intended to eliminate—and having the effect of eliminating—his ability to retain counsel and effectively participate in litigation. This included termination or obstruction of healthcare and prescription benefits and the taking and continued withholding of litigation records, computers, and professional equipment. These acts deprived Defendant of essential resources for preparing his defense. Despite repeated efforts to obtain representation, retaining counsel was financially impossible.

On September 29, 2026, immediately upon recognizing the submission requirements, Defendant completed the required materials, served them electronically, and transmitted them for filing by overnight delivery that same day. Defendant lacks CM/ECF filing privileges and is presently more than 150 miles from the courthouse.

The underlying misconduct is not presented for adjudication through this motion. It explains the conditions that impaired Defendant's compliance. He seeks only the relief necessary to accept the late submissions, preserve the scheduled adjudication, and permit the two pleaded discharge objections to be resolved on the evidence rather than through exclusion of his defense.

## I. PRECISE RELIEF REQUESTED

## I. PRECISE RELIEF REQUESTED

1. Accept Defendant's witness and exhibit list, declaration, and Exhibits A-E notwithstanding the earlier witness/exhibit deadline stated in Adv. ECF 4.

2. Extend through September 30, 2026 the deadline for Defendant's proposed pretrial order, proposed findings and conclusions, pretrial brief, request for limited judicial notice, evidentiary appendix, and related pretrial materials, and deem those materials timely when received by the Clerk.

3. Accept Defendant's proposed pretrial order as his contribution toward the required joint pretrial order without attributing any agreement or stipulation to Plaintiff.

4. Permit Defendant to rely on his own testimony, the court-filed documents identified by exact docket reference, and the attached surrender records, subject to ordinary foundation, objection, and admission rulings.

5. Assess no fee, cost, or sanction against Defendant for the timing addressed by this Motion.

## II. GROUNDS

6. Adv. ECF 4 required witness and exhibit lists fourteen days before docket call and required the pretrial order, proposed findings, and trial briefs seven days before docket call. Docket call is October 6, 2026, and trial week begins October 13, 2026.

7. Defendant is self-represented, homeless, in Chapter 7, without a vehicle, experiencing serious medical and medication-access limitations, and located in Brazos County. He lacks ordinary CM/ECF filing privileges and is locked out of PACER. He mistakenly believed surrender of the Jaguar would end the InTouch matter and did not understand until September 28 that the discharge adversary and its pretrial obligations remained active.

8. Defendant acted immediately after recognizing the deadline. The core defense documents are not new: his May 5 response, course certificate, and Schedule D were filed at Adv. ECF 7. The attached vehicle records concern the September 4 tender and September 9 completed surrender and answer any assertion of continued withholding.

9. The delay is limited, was not tactical, and can be cured without moving the October 6 docket call or October 13 trial week. Plaintiff has had the principal defense documents since May and receives the complete pretrial packet by email on September 29.

## III. LEGAL STANDARD

10. Fed. R. Bankr. P. 9006(b)(1)(B) permits enlargement after a deadline where the failure to act resulted from excusable neglect. The equitable inquiry includes prejudice, length and effect of delay, reason for delay, reasonable control, and good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).

11. To the extent modification of the scheduling order is required, good cause exists under Fed. R. Civ. P. 16(b)(4), incorporated by Fed. R. Bankr. P. 7016. To the extent Fed. R. Civ. P. 37(c)(1) applies through Rule 7037, the limited late identification is harmless or substantially justified because the documents are already on the docket or concern the recently completed surrender.

12. Defendant served the materials electronically on the due date and seeks only a one-day extension for receipt of the paper originals necessitated by his lack of CM/ECF access. Excluding the defense would impose forfeiture far out of proportion to the limited delay.

## IV. CONFERENCE

13. Defendant's submission is not represented as agreed. Because the deadline was imminent and Defendant lacks electronic filing access, a completed prefiling conference concerning this emergency procedural cure was not practicable. The Motion should be treated as opposed unless Plaintiff affirmatively states otherwise.

## V. PRAYER

Defendant requests a signed order granting the relief stated above, leaving the existing docket-call and trial settings unchanged, and allowing the pleaded claims and defenses to be decided on their merits without fees, costs, or sanctions against Defendant.

Respectfully submitted,

**Jason Emory McKemie**
Defendant, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on November 9, 2026, I served a true and correct copy of Defendant's Motion for Leave and Supporting Brief, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on November 9, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net